UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAMILLE REMY,

                Plaintiff,

   v.

HDR ENGINEERING, INC.; and
JACK ALLEN,

                Defendants.
_____/

NO. CIV. S-05-322 LKK/PAN

<u>O R D E R</u>

     On January 12, 2005, Plaintiff Camille Remy ("Remy") filed an action in the Sacramento County Superior Court against defendants HDR Engineering, Inc. ("HDR") and Jack Allen ("Allen"). HDR removed the case on February 17, 2005 to the United States District Court, Eastern District of California, on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Defendant Allen now brings this motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, alleging that he should be dismissed from this action due to insufficiency of service of process. In the alternative,

1

he asks that service on him be quashed.  I decide the motion based on the papers and pleadings filed herein and after oral argument.

# I.

## BACKGROUND

At the time this action was removed to this court, defendant Allen had not yet been served  See J. Allen Decl. at  7. Following a Status Conference, this court issued an order on April 13, 2005 directing Remy "to serve defendant Allen within fifteen (15) days . . . ."  See April 13, 2005 Status (Pre-Trial Scheduling) Order at 2:3-5.  Remy served Allen on April 26, 2005, within the 15 days prescribed by the court order.[1]  Declaration of Jack Allen ("Allen Decl.") at 4-7.  According to Allen, he received the complaint and a state court summons from Remy's process server. Id. Ex. A.

# II.

**STANDARDS FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 4(m)**

Where service of the summons and complaint is not made upon the defendant within 120 days after filing the complaint, "the court . . . shall dismiss the action without prejudice as to that defendant or direct that service shall be effected within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff demonstrates "good cause for the failure, the court shall extend the time for service for an appropriate period."  See Id. Additionally, the court may also enlarge the time for service

---

[1] Remy and Allen dispute whether service was effected on April 26th or 28th. Although the Court is unable to verify the exact date from the record, the difference is irrelevant for purposes of this motion.

2

"even if there is no good cause shown." Henderson v. United States, 517 U.S. 654, 658 n. 5 (1996)(quoting Advisory Committee's Notes on 1993 Amendments to Fed. R. Civ. P. 4, 28 U.S.C.App., p. 654).

The determination of whether or not good cause is shown is within the trial court's discretion. De Tie v. Orange County, 152 F.3d 1109, 1111-1112 (9th Cir. 1998). Although neither Rule 4(m) nor its legislative history define "good cause," the Ninth Circuit has repeatedly held that the rule contemplates more than a showing that the time limit was not complied with due to the inadvertence of counsel. See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (inadvertent failure to calendar the 120-day time limit insufficient); Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987)(counsel's complete ignorance of rule did not constitute good cause); Fimbres v. United States, 833 F.2d 138, 139 (9th Cir. 1987)(counsel's deliberate delay in service because plaintiff lacked financial resources to prosecute action did not constitute good cause).

### III.

### ANALYSIS

Allen brings this motion based on two grounds. First, he asserts that the April 2005 service was defective under federal law, and accordingly asks that the Court either quash service or dismiss him from this action. Second, he argues that dismissal is warranted because Remy has failed to effectively serve Allen within the 120 day time limit prescribed by Rule 4(m) of the

Federal Rules of Civil Procedure. I examine these contentions below.

**A.    SUFFICIENCY OF THE APRIL 2005 SUMMONS**

Allen alleges that, although he was served on April 26, 2005, service was defective because he was not served with a federal court summons.

The purpose of process is to ensure that the addressee has notice of the proceeding against him. Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967). Thus, "service of process . . . is an indispensable prerequisite to the court's jurisdiction to proceed." Id. Where a defendant has not been served at all with state process prior to removal, a state court summons issued but not served prior to removal does not retain any efficacy for further service of process after the removal. Id. Instead, because the Federal Rules of Civil Procedure govern after the matter has been removed to federal court, see Fed. R. Civ. P. 81(c); see also Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 144 (9th Cir. 1975), the plaintiff is responsible for securing a new summons from the court pursuant to Rule 4. Fed. R. Civ. P. 4(c); see also 28 U.S.C. § 1448. The summons must be served on all defendants along with the complaint. Fed. R. Civ. P. 4(c)(1).

Here, Remy concedes that the documents served on Allen in April of 2005 included only a state court summons and not a federal court summons. Thus, the April 2005 service of process

////

4

failed to comply with the service requirements as set forth in Rule 4(c).

**B.   120-DAY SERVICE OF PROCESS RULE**

Allen contends that, in addition to quashing the April 2005 service, his dismissal from this action is also warranted because Remy has failed to effectively serve him within the time prescribed by the Federal Rules.  Rule 4(c) provides that the plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision 4(m), which provides a 120-day period. Fed. R. Civ. P. 4(c).  That subdivision also allows the defendant to bring a motion for dismissal if service of the summons and complaint is not made upon him within that time after the filing of the complaint.  Fed. R. Civ. P. 4(m). Allen contends that because Remy filed her complaint on January 12, 2005, the last day for service was May 12, 2005.  As I explain below, Allen's contention is not well-taken.

The 120-day time period set out in Rule 4(m) starts to run upon removal to the federal district court, not the date the action originated in state court.[2] Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1053 (9th Cir. 2002); 4 C. Wright & A.

---

[2] As noted, the court's Order dated April 13, 2005 directed Remy to serve Allen within fifteen days. However, as this court has previously explained, such an order cannot preempt the 120-day time period of the Federal Rules.  United States v. Bodwell, 1996 WL 757285, *4 (E.D. Cal. 1996).  When an order conflicts with the 4(m) time period, failure to comply with the order does not require dismissal, and dismissal is warranted only upon a showing of prejudice against the defendant. Id. (citing United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984); see also Fed R. Civ. P. 83 (local rules may be adopted by the district court if they are not inconsistent with the federal rules); Mut. Fund Investors, Inc. v. The Putnam Mgmt. Co., 553 F.2d 620, 625 (9th Cir. 1977).  Here, Allen has not shown that Remy's failure to comply with the April 13, 2005 order prejudiced him in any way.  Absent such showing of prejudice, dismissal of Allen in this action is not warranted based upon to Remy's noncompliance with the court order.

Miller, Federal Practice & Procedure: Civil § 1137, at 341 (3d ed. 2002).  This action was removed to federal court on February 17, 2005; hence, Remy had until June 17, 2005 to properly serve any additional defendants in accordance with Rule 4(m).  Counsel for plaintiff has indicated that Allen was re-served with a federal court summons on May 17, 2005.  On June 13, 2005, Remy filed a proof of service.  Service of process has therefore properly been completed.

**IV.**

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: August 8, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT